

# The Attorney General of Texas

June 28, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905
915/533-3484

723 Main. Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Bob Armstrong
Commissioner
General Land Office
Austin, Texas 78701

Opinion No. H- 1197

Re: Responsibility for enforc-
ing section 52.293 of the Natural
Resources Code and remedy for
breach.

Dear Commissioner Armstrong:

You have asked two questions concerning article 5382f, V.T.C.S., now codified as sections 52.291 through 52.296 of the Natural Resources Code. You ask (1) who is responsible for enforcing its terms and (2) what remedies are available if a lessee sells gas out of state in violation of this provision.

Section 52.292 makes it illegal for certain public officials, agencies, and boards, including the Commissioner of the General Land Office, to execute an oil, gas, or mineral lease on public land under their custody unless such lease contains the following provision:

> No natural gas or casinghead gas, including both associated and nonassociated gas, produced from the mineral estate subject to this lease may be sold or contracted for sale to any person for ultimate use outside the state unless the Railroad Commission of Texas, after notice and hearing as provided in Title 3 of this code, finds that:
>
> (1) the person, agency, or entity that executed the lease in question does not require the natural gas or casinghead gas to meet its own existing needs for fuel;
>
> (2) no private or public hospital, nursing home, or other similar health-care facility in this state requires the natural gas or casinghead gas to meet its existing needs for fuel;

(3)   no public or private school in this state that provides elementary, secondary, or higher education requires the natural gas or casinghead gas to meet its existing needs for fuel;

(4)   no facility of the state or of any county, municipality, or other political subdivision in this state requires the natural gas or casinghead gas to meet its existing needs for fuel;

(5)   no producer of food and fiber requires the natural gas or casinghead gas necessary to meet the existing needs of irrigation pumps and other machinery directly related to this production; and

(6)   no person who resides in this state and who relies on natural gas or casinghead gas to provide in whole or part his existing needs for fuel or raw material requires the natural gas or casinghead gas to meet those needs.

Sec. 52.293.

State leases executed after the effective date of this statute are null and void unless they contain the quoted provision.  Natural Resources Code, § 52.295.

The prohibition contained in section 52.293 is not a regulation of general application.  It is to operate in the form of a specific clause contained in each lease of state-owned land.  Penalties are prescribed for failing to include the prohibition clause in a lease, but no penalties are specified for violating the prohibition clause itself.

It is our opinion that the legislature intended the prohibition clause to be enforced in the same manner as other material provisions in a lease.  The remedies available in the case of a particular violation are those provided in the lease involved and in the statutes which authorize it.

A violation of the prohibition clause contained in your Revised Lease Form 10-75, for example, is governed by the following provision in the lease:  "if Lessee shall knowingly violate any of the material provisions of this lease . . . the rights acquired under this lease shall be subject to forfeiture by the Commissioner [of the GLO] . . . (Paragraph 18)."  Paragraph 19 describes how forfeitures may be set aside.  It is clear that the prohibition clause is to be regarded as a "material provision" of a lease since the legislature declared that leases which fail to include it are null and void.

Although the usual legal and equitable remedies, such as a suit for damages or for specific performance, may be theoretically available, they do not seem appropriate for violations involving unauthorized sales of gas for out-of-state consumption.

No single party is made responsible for enforcing the prohibition against such unauthorized sales. It is to be enforced in a particular case by the party responsible for enforcing the other provisions of the lease involved. The Commissioner of the General Land Office is responsible for enforcing the prohibition clauses contained in your Revised Lease Forms 10-75. Under leases of state park lands, authorized by Chapter 35 of the Natural Resources Code, the Board of State Park Lands has such responsibility.

The Railroad Commission has no responsibility for enforcing the prohibition against unauthorized gas sales. The role of the commission is confined to making findings that the natural gas produced from state-owned lands is, or is not, required to meet certain local needs, and to granting exceptions to the prohibition clause in certain cases. Secs. 52.293, 52.296.

## SUMMARY

Section 52.293, which operates as a clause in each lease of state-owned land, is to be enforced as other material provisions of a lease. The remedies available are those provided in the lease and in the statutes which authorize it. The party responsible for enforcing the other provisions of a particular lease is also responsible for enforcing the clause required by section 52.293.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn